■    Solomon Ort, Appellant, v. Garnerville Holding Company, Inc., Respondent.— Appeal by plaintiff from so much of an order of the Supreme Court, Rockland County, dated November 26, 1967, as, on rehearing and reconsideration, adhered to the original decision denying him a general trial preference. Order affirmed insofar as appealed from, with $10 costs and disbursements. No opinion. Brennan, Acting P. J., Rabin and Munder, JJ., concur; Benjamin and Martuscello, JJ., dissent and vote to reverse the order insofar as appealed from and to grant a general trial preference, with the following memorandum: The injured plaintiff, a 45-year-old man at the time of the accident, claims special damages of $1,810.45 — $150 for medical treatment, $236.45 for hospital bills and $1,424 for loss of earnings. He avers that he was hospitalized for two days and was out of work and confined to his house for about seven weeks. The treating doctor's written reports state that plaintiff suffered a fracture of the lateral malleolus, with posterior and lateral displacement, and that there also was a slight displacement of the talus in the tibial " talor " joint; that a closed reduction was performed; that the leg was kept in a cast for about seven weeks; that about five months after the accident the ankle was swollen and there was a 20% loss of dorsiflexion, 50% loss of plantar flexion and 20% loss of " subtalar " motion; that residual stiffness and loss of mobility of the ankle will probably be a permanent problem; and that, because of the severity of the injury and disruption of the ankle mortise, there is a great likelihood that in the future plaintiff will develop traumatic arthritis. These reports are uncontradicted in this record. On this uncontradicted showing, Special Term denied a general preference. In our opinion, this was an abuse of discretion, the order should be reversed insofar as appealed from, and a general preference should be granted. To us it seems crystal clear that, if plaintiff establishes at trial what he claims on this motion, a verdict in excess of $10,000 could properly be awarded by the trier of the facts and could not possibly be deemed excessive.

■    The People of the State of New York, Respondent, v. James Caple, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered February 21, 1968, convicting him of attempted grand larceny in the second degree, upon his plea of guilty, and imposing sentence. A determination by said court denying in part defendant's motion to suppress evidence has been reviewed on this appeal. Judgment affirmed. On a motion to suppress evidence, while the People are under the necessity of going forward in the first instance, the ultimate burden of proof by a preponderance of the credible evidence rests with defendant (People v. Merola, 30 A D 2d 963). In our opinion, under the circumstances presented in the record, there was no abuse of discretion on the part of the trial court in refusing to grant appellant's request for a continuance. Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.