■ In the Matter of HASEEN N., a Person Alleged to be a Juvenile Delinquent, Respondent. [674 NYS2d 700] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Pearce, J.), dated March 18, 1997, which, at the close of the fact-finding hearing, reopened the hearing on that branch of the respondent's omnibus motion which was to suppress a weapon, granted that branch of the motion, suppressed the weapon, and dismissed the petition.

Ordered that the order is reversed, without costs or disbursements, that branch of the respondent's motion which was to suppress a weapon is denied, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for the purpose of entering an appropriate fact-finding order, and for a dispositional hearing.

At a suppression hearing on the instant juvenile delinquency petition, a guidance counselor testified that on the morning of Halloween, October 31, 1996, the principal of Intermediate School 390 had ordered certain school staff to "pat down" the outer clothing of the students as they arrived, with the aim of preventing a recurrence of the egg-throwing melees that had occurred on the three previous Halloweens. As the counselor "patted down" the 13-year-old respondent, he felt a hard object in the boy's "mid-section". Unzipping the respondent's jacket, the counselor saw what looked like "the butt of a gun" in the boy's waistband. The counselor escorted the respondent over to Safety Sergeant Ronald Foster, and told Foster to "check" the boy. Foster opened the respondent's jacket and saw a .22 caliber pistol in his belt.

At the suppression hearing, the Presentment Agency established the legality of the respondent's search, and the respondent did not demonstrate, by a preponderance of the evidence, that the search was unlawful (see, e.g., Matter of Juan C. v Cortines, 223 AD2d 126, 129, revd on other grounds 89 NY2d 659; People v Caple, 31 AD2d 752; People v Merola, 30 AD2d 963, 964). Thereafter, the court erred when, after a fact-finding hearing, it changed its decision and suppressed the gun, (1) without prior notice to the Presentment Agency; (2) having shifted the burden of proof to the Agency; and (3) having raised the burden of proof on the suppression issue from a preponderance of the evidence to proof "beyond a reasonable doubt" (see, e.g., Family Ct Act § 330.2).

At the suppression hearing, the Presentment Agency

established the reasonableness of the administrative search of all students under the circumstances presented. The method used—a quick pat-down of the students' outer clothing by non-police school personnel—was the least intrusive, most practical means of locating concealed eggs, and represented a reasonable balance between the competing interests of the students in privacy and the school administrators in maintaining order (*see, e.g., Vernonia School Dist. 47J v Acton,* 515 US 646; *New Jersey v T.L.O.,* 469 US 325, 329; *Wallace v Batavia School Dist. 101,* 68 F3d 1010, 1013-1014; *Horton v Goose Cr. Ind. School Dist.,* 690 F2d 470, 480, *cert denied* 463 US 1207; *Matter of Gregory M.,* 82 NY2d 588, 592; *People v Scott D.,* 34 NY2d 483, 486). Accordingly, we conclude that the administrative "search" was justified at its inception, and was reasonable in scope.

Moreover, after the guidance counselor had observed a gun butt in the respondent's waistband and had communicated his apprehensions to Safety Sergeant Foster, the latter had sufficient "individualized suspicion" to hold open the top of respondent's jacket and recover the gun (*Matter of Gregory M., supra,* at 593).

The remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.