■ In the Matter of STEVEN A., a Person Alleged to be a Juvenile Delinquent, Appellant. [764 NYS2d 99] —Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about July 1, 2002, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he unlawfully possessed a weapon while under the age of 16, and that he committed an act which, if committed by an adult, would constitute the crime of unlawful possession of a box cutter, and placed him in the custody of the New York State Office of Children and Family Services for a period of up to 12 months, unanimously affirmed, without costs.

The court properly denied appellant's suppression motion. Although the presentment agency has not met its burden of proving that appellant consented to the school safety agent's seizure of his box cutter, the seizure was justified by reasonable suspicion. We conclude that the actions of the school safety agent, a civilian employee of the Police Department assigned exclusively to school security, were subject to the reasonable suspicion standard applicable to searches and seizures by school officials (*see New Jersey v T.L.O.,* 469 US 325 [1985]; *Matter of Gregory M.,* 82 NY2d 588 [1993]; *People v Scott D.,* 34 NY2d 483 [1974]). Moments after receiving a telephone call about intruders on the fourth floor of the school, the highly experienced agent arrived on the fourth floor and found no one present except appellant and two other boys, all of whom were running. When appellant dropped and retrieved an object that the agent reasonably believed to be a weapon, the agent's instruction to appellant to turn it over was proper, particularly in light of the urgency of interdicting weapons in schools (*see Matter of Gregory M.,* 82 NY2d at 593). We have considered and rejected appellant's remaining arguments. Concur—Ellerin, J.P., Williams, Lerner, Friedman and Gonzalez, JJ.