Matter of Nevin W. (2004 NY Slip Op 51313(U))

[*1]

Matter of Nevin W.

2004 NY Slip Op 51313(U)

Decided on November 4, 2004

Family Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 4, 2004

Family Court, Queens County
In the Matter of NEVIN W., a Person Alleged to be a Juvenile Delinquent, Respondent.
D-15646/04

John M. Hunt, J.
By petition filed on September 17, 2004 respondent, Nevin W., is alleged to have
committed an act which, were he an adult, would constitute the crime of Criminal Possession
of a Weapon in the Fourth Degree. Respondent is also alleged to be a juvenile delinquent by
reason of his alleged violation of Penal Law §265.05 which prohibits the possession of weapons
by persons under sixteen years of age.
Claiming to be aggrieved by an unlawful search of his person, respondent has moved to
suppress the introduction of tangible property recovered by police officers on the date of his
arrest.
With respect to tangible evidence, the Presentment Agency has the initial burden of going
forward to show the legality of the police conduct, while respondent bears the ultimate burden of
proving that the evidence should be suppressed (People v. DeStefano, 38 NY2d 640, 652; People
v. Pettinato, 69 NY2d 653, 654).
In order to determine whether evidence should be suppressed this Court conducted a
hearing on October 13, 2004 at which the sole witness was New York City Police Sergeant
Vincent Collins. Based upon the credible testimony of Sergeant Collins, this Court makes the
following findings of fact and conclusions of law.
Sergeant Vincent Collins has been a police officer for 9½ years and he is presently
assigned to the 103rd Precinct in Queens County where he is responsible for supervising school
safety officers assigned to New York City public schools located within the precinct. At
approximately 12:25 P.M. on May 21, 2004 Collins received a radio run which reported that
a student had been observed with a gun inside of "Intermediate School ("I.S.") 8" which is
located at 108-35 167th Street in Jamaica, Queens County.[FN1] Collins and Police Officer Rodriguez
who is the "Youth Officer" at the 103rd Precinct proceeded to JHS 8. When Sergeant Collins
arrived at JHS 8 he spoke to school safety officers assigned to the school and "possibly the
principal" of the school. Collins was informed that the school safety officers "had Tyquan [F.]"
in custody "and he was a student that [they] said he pointed a gun at the classroom, but they did
not have the firearm". Sergeant Collins testified that when he arrived at JHS 8 "the school was
in some kind of lock down" because he did not observe students to be moving about the hallways
which added to the sense of urgency concerning the presence of a gun in the school.
During his conversations with the school safety officers, Collins learned that an
individual "had pointed a- - what they believed to be a gun into a classroom", and that "a teacher
had observed this". Collins stated that "someone described that the alleged firearm has a [slide
[*2]
lock] to the rear" of the gun which indicated that the weapon was a semi-automatic pistol. While
Collins was at the school he was approached by a teacher who was with an individual who
Collins subsequently learned was the respondent, Nevin W. According to Collins, respondent
 told him that "some girls took the gun". Collins testified that he was "suspicious" because
respondent had approached him with this information and because the information was not
consistent with other information he had acquired during his investigation at the school. Collins
then asked respondent "to look in his bag on his back and as I asked him, I tapped his bag
[which] was on his back." When Collins "tapped" respondent's knapsack he "felt what I
believed was a firearm [and it] felt like the gun that I have on me, a nine millimeter." Sergeant
Collins then proceeded to open and search respondent's knapsack and recovered what appeared
to be a handgun but, upon inspection, proved to be an air pistol that resembled a semi-automatic
pistol. Respondent was then arrested for the offenses charged in the petition.
 II
In deciding whether the police acted properly in this case, the "inquiry into the propriety
of police conduct must weigh the degree of intrusion it entails against the precipitating and
attending circumstances" (People v. Salaman, 71 NY2d 869, 870; see, People v. DeBour, 40
NY2d 210, 223). "The touchstone of any analysis of a governmental invasion of a citizen's
person under the Fourth Amendment and the constitutional analogue of New York is
reasonableness" (People v. Batista, 88 NY2d 650, 653; see, People v. Herold, 282 AD2d 1, 4, 
lv. denied 97 NY2d 682).
[*3]
The events in this case indisputably involved an emergency situation inside of a public
school and Sergeant Collins and Officer Rodriguez were responding to a report of a gun in a
crowded public school. After Sergeant Collins arrived at JHS 8 his investigation revealed that a
teacher observed someone point a gun into or towards a classroom which led credibility to his
belief that an emergency existed. Additionally, upon arriving at the school, Collins observed
that the school was in a "lock down" and no students were in the hallways. While school safety
officers had taken a student, Tyquan F., into custody, they had not recovered any gun from any
student. While Collins was in the school conducting his investigation, the respondent approached
him on his own initiative without any prompting by the officers and in the company of an
unnamed teacher. Respondent volunteered that "some girls took the gun" which was contrary to
information then known to Collins. According to Collins, he believed that the information
conveyed by the respondent was inconsistent with other information he had obtained, including
that a teacher had observed a student with a gun, that the school safety officers had taken a male
student into custody, and no one had told him anything about female students with a gun in the
school. Based upon the information then known to the Sergeant, he had a reasonable basis to
conclude that the respondent had not told him everything that he knew about the gun or its
whereabouts. Collins than asked respondent whether he could look inside of his knapsack and as
he did so he simultaneously "tapped the bag" and felt the outline of what he believed was a
firearm.
The issue here is whether Sergeant Collins acted reasonably when he 'tapped" the outside
of respondent's knapsack. In the case of Matter of Gregory M., (82 NY2d 588), the Court of
Appeals held that an investigative touching of the outer surface of a book bag fell within a
[*4]
class of searches which are "far less intrusive" than searches which would require the application
of the reasonable suspicion standard. The Court applied the balancing process set forth in
People v. Scott D. (34 NY2d 483) and New Jersey v. T.L.O., (469 US 325), and held that the
respondent "had only a minimal expectation of privacy regarding the outer touching of his
school bag by school security personnel, even for the purposes of learning something about
its contents" (Id., at 592-593). In addition, the Court stated that "in the balancing process,
prevention of the introduction of hand guns and other lethal weapons into New York City
public schools such as this high school is a governmental interest of the highest urgency. The
extreme exigency of barring the introduction of weapons into the schools by students is no
longer a matter of debate" (Id., at 593).
While Sergeant Collins cannot be said to have had reasonable suspicion as to the
respondent at the time that he tapped the outside of the knapsack, "[t]here may be circumstances
in which, because the privacy interests involved in the case are minimal and are overborne by
the governmental interests in jeopardy if a higher standard were enforced, a search may be
reasonable despite the absence of such [reasonable] suspicion" (Matter of Gregory M., at 593).
This facts here establish that this is such a case. Respondent clearly had a diminished expectation
of privacy in the contents of his book bag which were undoubtedly subject to a search by school
officials upon his entry to the building. Balancing that expectation of privacy against the
information known to Collins, including a report of a gun inside of a crowded public school
and respondent's seemingly incredible story concerning a gun (e.g., Matter of Trevor C., 227
AD2d 282), and the risk that a gun in the school posed to the life and safety of students and staff,
the facts in this case presented truly exigent circumstances which were not present in Matter of
[*5]
Gregory M., and this Court concludes that Sergeant Collins had sufficient justification for the
investigative touching of the outside of respondent's knapsack. Once Collins felt the outline
of what he believed to be a gun in the knapsack he had a reasonable suspicion that respondent
possessed a weapon which justified the search of the knapsack (Matter of Gregory M., at 593-
594; see, Matter of Juan C. v. Cortines, 223 AD2d 126, 129, rev'd on other grounds 89 NY2d
659; Matter of Richard A., 215 AD2d 475; Matter of Maria H., 228 AD2d 597, 597-598;
Matter of Haseen N., 251 AD2d 505, 506; Matter of Hector R., 265 AD2d 160, 161; Matter of
Steven A., 308 AD2d 359).[FN2]
Accordingly, the actions of Sergeant Collins did not violate respondent's rights and the
motion to suppress the air gun is denied.
This constitutes the decision and order of the Court.
E N T E R :
_________________________________
JOHN M. HUNT
Judge of the Family Court
Dated: Jamaica, New York
November 4, 2004
Footnotes

Footnote 1:The school is actually known as Junior High School 8, the Richard S. Grossley Junior
High School.

Footnote 2:The decisions in Matter of Marrhonda G. (81 NY2d 942) and People v. Diaz (81 NY2d
106), in which the Court of Appeals rejected the adoption of the so-called "plain touch" exception to the warrant requirement, are not dispositive in this case given the decision in
Matter of Gregory M., supra. Indeed, Matter of Marrhonda G., is factually distinguishable from
this case in that the officers in that case did not intentionally touch respondent's bag to uncover evidence of criminal activity and Marrhonda G. did not involve a search of a student in a school
under exigent circumstances. Notably, the Court stated in People v. Diaz that "exigent circum- stances" may justify certain types of warrantless searches (81 NY2d, at 109), which was the issue decided by the Court in Matter of Gregory M..