■ In the Matter of Sheyna T., a Person Alleged to be a Juvenile Delinquent, Appellant. [913 NYS2d 49]—

Order of disposition, Family Court, Bronx County (Robert R. Reed, J., at fact-finding determination; Nancy M. Bannon, J., at

disposition), entered on or about March 10, 2010, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that she committed acts, which if committed by an adult, would constitute the crimes of assault in the second and third degrees, resisting arrest, and obstructing governmental administration in the second degree, and placed her on probation for a period of 12 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. The evidence satisfied the "lawful duty" element of the applicable theory of second-degree assault (Penal Law § 120.05 [3]), the "official function" element of obstructing governmental administration (Penal Law § 195.05) and the "authorized arrest" element of resisting arrest (Penal Law § 205.30).

While in school, an assistant principal and a school safety officer confronted appellant over a hammer that was protruding or visible from her book bag. The officer tried to persuade appellant to give her the hammer. Appellant refused and started to walk away. The officer walked in front of appellant and stated that if appellant did not give her the hammer, she would have to take it. When appellant again refused to surrender the hammer, the officer tried to seize it, but appellant put up a violent struggle that caused injury to the officer.

It is within the scope of school authorities' lawful and official functions, after noticing an item that could pose a threat to safety and order, to investigate and, if necessary, remove that item from a student, even where possession of the item would not be criminal without proof of intent to use unlawfully (*cf. Matter of Haseen N.*, 251 AD2d 505, 505-506 [1998] [in Fourth Amendment context, lawful for school staff to pat down students for eggs in order to prevent Halloween egg-throwing disturbances]).

There was ample evidence from which the trier of fact could reasonably infer that the officer's injuries caused "more than slight or trivial pain" (*People v Chiddick*, 8 NY3d 445, 447 [2007]), and went far beyond "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]).

We have considered and rejected appellant's remaining claims. Concur—Andrias, J.P., Nardelli, Moskowitz, DeGrasse and Román, JJ.