■ In the Matter of ELVIN M., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Kaufmann, J.), dated April 26, 1988, which, upon a fact-finding order of the same court, dated February 18, 1988, made upon his admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, placed him on probation under the supervision of the Probation Department of the Commonwealth of Puerto Rico for a period of one year. The appeal brings up for review the fact-finding order dated February 18, 1988, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is reversed, on the law and the facts, without costs or disbursements, the fact-finding order is vacated, that branch of the omnibus motion which was to suppress physical evidence is granted, and the petition is dismissed.

The instant arrest occurred after an unidentified subway passenger reported to a New York City Transit Police Officer that two young men were downstairs on the subway platform with a gun and a knife. The passenger described these individuals only by stating that one (the appellant) was wearing a black jacket and the other was wearing a white sweater. The latter individual was the one who allegedly possessed the gun. The officer proceeded downstairs to the platform where he observed a crowd of people. Also on the platform were the two suspects, seated with a female. Based entirely upon the information provided by the unidentified passenger, who had since left the station, the officer approached with gun drawn and placed both males under arrest. After a search of the suspect in the white sweater uncovered nothing, a gun was found in the appellant's jacket pocket.

Contrary to the findings of the Family Court, we agree with the appellant's contention that his arrest was not based upon probable cause. Information provided by an unidentified citi-

zen informant accusing another of a crime, without more, will not justify a forceable search and seizure (see, People v Lee, 126 AD2d 568; People v Bell, 121 AD2d 455; People v Francis, 108 AD2d 322; People v Bronk, 66 Misc 2d 932, affd 31 NY2d 995). At best, when accompanied by other indicators of the reliability of the information (see, e.g., People v Klass, 55 NY2d 821; People v Benjamin, 51 NY2d 267; People v Olsen, 93 AD2d 824), reasonable suspicion may arise to justify a protective pat down (see, People v Castro, 115 AD2d 433, affd 68 NY2d 850; People v Bruce, 78 AD2d 169).

In the instant case, the arresting officer placed both suspects under arrest predicated solely upon the report of the anonymous citizen informant. This information was not sufficiently detailed so as to be presumptively reliable (see, People v La Pene, 40 NY2d 210), and by retaining his anonymity an unidentified citizen may avoid criminal liability for supplying false information (cf., People v Cunningham, 135 AD2d 725). Thus, this information, the reliability of which was never established, did not suffice to justify the instant arrest.

Since the appellant's arrest was not based on probable cause, the gun found in his jacket pocket when he was searched following his improper arrest must be suppressed. In light of the suppression of the gun, the juvenile delinquency petition must be dismissed. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.