■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD PATTERSON, Respondent.—Order, Supreme Court, New York County (Murray Mogel, J.), entered December 8, 1988, which granted defendant's motion to suppress evidence, unanimously affirmed.

On May 13, 1988, at approximately 12:30 A.M., Officer Burgos and his partner were standing in front of a token booth at the 86th Street IRT subway station. Immediately after a train pulled into the station, the informant, who was described by the officers as "nicely dressed", approached the officers and excitedly informed them that he had seen a subway passenger drop a gun and pick it up. As defendant walked toward the officers on the platform, the informant pointed to defendant and stated, "that male black that's coming this way, and he's wearing a pin stripe navy suit, three piece suit, open collar, white shirt." Officer Burgos took out his gun and approached defendant, who had his hands in his pockets. He ordered defendant to place his hands against a column and frisked defendant. After recovering a .22 caliber semiautomatic handgun from the defendant's back right pocket, the officer formally placed defendant under arrest. Officer Burgos noticed that the informant had been watching from outside the turnstiles when he began to frisk defendant, but that he had disappeared when the frisk was completed. Subsequent to his arrest, defendant made incriminating statements indicating that he possessed a virtual arsenal of more lethal firearms at his home. A warrant was obtained to search defendant's home but only a box of .22 caliber long rifle ammunition was recovered.

Defendant was charged with criminal possession of a weapon in the third degree. The hearing court granted defendant's motion to suppress the physical evidence, as well as defendant's statements, as the fruits of an unlawful arrest. The court held that defendant was arrested when the police approached defendant with guns drawn and that the police had acted in the absence of probable cause since the information provided by the unknown male informant was not shown to be reliable. The People appeal the court's suppression

order, arguing that the police merely conducted a stop and frisk based on an informant's tip which provided them with reasonable suspicion that defendant was armed and dangerous.

While a gunpoint approach of a suspected wrongdoer does not necessarily convert police action into an arrest, an officer is justified in approaching a suspect with weapon drawn and seizing him only if he has reasonable grounds to believe that the suspect poses a threat to his safety *(People v Chestnut,* 51 NY2d 14, 21, *cert denied* 449 US 1018). In *People v Francis* (108 AD2d 322, 326), this court held that where the police act solely on information received from an unidentified informant that an individual possesses a gun, a forcible search and seizure is not justified. As in *Francis,* defendant here exhibited no suspicious behavior, did not attempt to flee, no suspicious bulge was perceived in his clothing and the police made no initial inquiry to corroborate the informant's credibility *(People v Francis, supra,* at 326). Furthermore, no presumption of reliability can attach to this unidentified informant since he was not available for further questioning and, consequently, not exposed to the risk of prosecution for providing false information to the police *(Matter of Elvin M.,* 151 AD2d 674). Accordingly, the physical evidence and statements were properly suppressed as the fruits of an unlawful seizure. Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.