◼ In the Matter of DAVID R., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Deutsch, J.), dated August 10, 1989, which, upon a fact-finding order of the same court, also dated August 10, 1989, made pursuant to the appellant's admissions, found that the appellant had committed an act, which if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period not to exceed one year. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, we find that the Family Court did not improperly deny suppression based upon testimony which was incredible as a matter of law. The record of the Mapp hearing indicates that on June 7, 1989, police officer Flaherty arrested an individual named Borsetti, who advised the officer that the appellant could be found sitting near the top of a stoop at a specific building in Brooklyn and that the appellant possessed a gun. Borsetti provided Officer Flaherty with a physical description of the appellant and the officer was aware that the building in question was known to be a site of narcotics transactions.

On the following day the officer proceeded to the specified location in an unmarked patrol car and, as Borsetti had described, the appellant was seated near the top of the stoop. As Officer Flaherty and his brother officers exited their car, the appellant retreated into the vestibule of the building. Officer Flaherty followed up the stairs and as he was ascending, he observed the appellant throw an object inside a mailbox in the vestibule. Without any show of force, Officer

Flaherty looked inside the open mailbox and observed numerous vials filled with a white substance. The appellant was placed under arrest and although no weapon was found, 54 vials of the substance known as crack cocaine were recovered from inside the mailbox.

The foregoing account was recounted by Officer Flaherty. The Family Court found this testimony to be credible and forthright, and we discern no basis to disturb this determination.

Before the officer could exercise his common-law right of inquiry, the appellant retreated into the public vestibule and discarded the crack vials into an open mailbox where the officer observed them. Clearly, Officer Flaherty did not conduct himself in an unlawful manner (see, People v Bryant, 134 AD2d 269) and thus, the appellant's calculated disposal of the cocaine rendered it admissible as having been abandoned (see, People v Boodle, 47 NY2d 398, cert denied 444 US 969). In addition, the officer observed it in plain view while he was rightfully inside the public vestibule. Accordingly, we find no reason to overturn the Family Court's suppression ruling.

We have reviewed the appellant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Miller, JJ., concur.