■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT WASHINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered March 22, 1988, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant stated at the *Huntley* hearing that his statements to the police were basically the product of coercion and that he was not advised of his *Miranda* rights. However, this testimony was contradicted by the testimony of the investigating officer, which created a question of credibility for the hearing court, whose findings should not be disturbed absent a showing that they are clearly erroneous *(see, People v Woods,* 141 AD2d 588). We find that the hearing court did not err in crediting the testimony of the investigating officer and further finding that the defendant's statements were voluntarily made to the police. The record reveals that the police did not threaten or coerce the defendant into talking to them and that the police advised the defendant of his *Miranda* rights. Accordingly, the hearing court properly found that the defendant's statements were admissible at trial. Moreover, the defendant's claim that the police should not have questioned him without his counsel present due to the defendant's "pending" case in the Bronx is without merit. The defendant's Bronx case was not pending because the defendant had already been sentenced *(see, People v Robles,* 72 NY2d 689). In any event, the Court of Appeals has overruled the *Bartolomeo* rule *(see, People v Bartolomeo,* 53 NY2d 225) and held that a defendant who is represented by counsel on a pending charge can, in the absence of counsel, effectively waive his *Miranda* rights and be questioned by the police without the presence of counsel on a charge unrelated to the prior pending charge *(see, People v Bing,* 76 NY2d 331).

At trial, the prosecution introduced into evidence five photographs of the deceased to illustrate the medical examiner's testimony concerning the fatal injuries sustained by him. Contrary to the defendant's contentions, the trial court did not improvidently exercise its discretion in permitting these photographs into evidence. The photographs helped illustrate the medical examiner's description of the victim's extensive injuries and were also relevant to the issue of whether the defendant acted with depraved indifference to human life or

with the intent to cause serious physical injury *(see, People v Wood,* 172 AD2d 707, 709, *affd* 79 NY2d 958; *People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905).

The defendant contends that the People failed to prove his identity as the person who beat the victim to death or that he intended to cause serious physical injury to the victim. Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The People proved that the defendant, with the intent to cause serious physical injury to the 3-year-old victim, caused his death by punching the child *(see, People v Figueroa,* 143 AD2d 767). Moreover, although the evidence against the defendant was circumstantial, a determination of guilt flows naturally from the facts proven and excludes to a moral certainty every reasonable hypothesis but guilt *(see, People v Benzinger,* 36 NY2d 29, 32).

The defendant's claim that he was deprived of the effective assistance of trial counsel is without merit. The defense counsel conferred with the defendant on important issues, conducted vigorous cross-examination, made appropriate and forceful objections and motions, and in every way protected his client's rights.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are either unpreserved for appellate review or without merit. Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.