OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, respondent’s motion to suppress granted and the petition dismissed.
On April 5, 1990, Port Authority Police Officer Joseph DeFelice observed respondent standing alone in the Port Authority Bus Terminal for several hours with a large knapsack-type bag. DeFelice approached and questioned respondent, and, for several reasons, concluded that she could be a runaway. Respondent was traveling alone, had initially lied about her age, had no identification with her and appeared to be nervous. Moreover, respondent said that her mother could not be contacted and, while indicating that she was waiting for a relative, she could not give a local address or telephone number for that person.
DeFelice took respondent to the Port Authority Youth Services Unit office — a facility for investigating suspected runaways. Upon entering the office, respondent put her bag down on the floor and sat in a chair about 15 feet away from the bag. A few minutes later, another officer picked up respondent’s bag from the floor in order to move it out of the way. While holding the bag, the officer felt what he believed to be the butt and trigger guard of a gun. DeFelice also handled the bag and was able to feel what he believed to be the impression of a gun inside the bag. The officers then opened the bag and found four weapons and ammunition.
Family Court denied respondent’s motion to suppress the weapons seized from the bag, holding that the respondent’s detention was proper since DeFelice had probable cause to believe that respondent was a runaway and that the search of the bag was justified under a "plain-touch” exception to the warrant requirement. After a fact-finding hearing, Family Court determined that respondent had committed acts, which if committed by an adult, would constitute the crimes of criminal possession of a weapon in the third and fourth degrees.
The Appellate Division affirmed, holding that respondent had been properly detained under Family Court Act § 718 and *945 that the search of the bag was permissible since "the discovery of the weapon[s] was inadvertent.” (184 AD2d 338, 339.)
We agree with the courts below that the detention of respondent was proper. Under Family Court Act § 718, the police may detain and return any juvenile to his or her parents "who, in the reasonable opinion of the officer, appears to have run away from home without just cause”. An officer’s reasonable opinion justifies detention of a juvenile under section 718 if it is supported by probable cause to believe that the juvenile may be a runaway (see, Matter of Mark Anthony G., 169 AD2d 89, 91; Matter of Terrence G, 109 AD2d 440, 444; see also, Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 718, at 39). The circumstances here are sufficient to support a finding of probable cause.
We disagree with the conclusion of the courts below, however, that the warrantless search of respondent’s bag was justified under a so-called "plain-touch” exception to the warrant requirement. We have rejected that exception this session in People v Diaz (81 NY2d 106 [decided today]). In the absence of some other applicable exception to the warrant requirement, the warrantless search of respondent’s bag was unjustified. As noted by the dissent (dissenting opn, at 947), our rejection of the plain-touch exception does not bar the application of some other exception to the warrant requirement. The officers could have justifiably searched the bag if it had been within respondent’s "grabbable area”, if respondent had consented to the search, or if respondent had been placed under arrest and the bag then searched as an incident thereto. Indeed, the police may have simply detained the bag while they obtained a warrant to search it (see, Arkansas v Sanders, 442 US 753, 766). Additionally, of course, the police could have asked respondent about the contents of the bag.