■ In the Matter of MARANGELI M., a Person Alleged to be a Juvenile Delinquent, Appellant. [605 NYS2d 290] —Order of the Family Court, New York County (Mary E. Bednar, J.), entered May 28, 1992, which adjudicated appellant a juvenile delin-

quent and placed her on probation for one year, unanimously reversed, on the law, without costs, appellant's motion to suppress granted, and the petition dismissed.

A police officer approached appellant at the Port Authority Bus Terminal, inquired what she was doing there, asked her age, and requested identification. Appellant replied that she was "hanging out"; she did not have identification and gave a birthdate which indicated that she was fourteen, not fifteen, as she claimed. The officer took her to the Youth Services Office and there opened the long black bag on which she had been sitting to look for identification, finding thirty-two vials of what appeared to be cocaine. The questioning and detention of appellant was proper in view of her very young appearance, her contradictory answers regarding her age, her statement that she lived alone, and her being in a place known as a center for runaways (Family Ct Act § 718; *Matter of Terrence G.*, 109 AD2d 440, 443). A pat-down of appellant as a juvenile lawfully detained could have been justified to ensure the safety of the police, appellant herself, and other detainees *(Matter of Terrence G., supra);* likewise a pat-down of her bag would have been proper *(Matter of Mark Anthony G.,* 169 AD2d 89, 93). Here, however, the officer did not pat down appellant or her bag to check for weapons but searched the bag for identification. Thus he did not have any reasonable belief that the bag contained a weapon. Without a warrant and in the absence of any exception to the warrant requirement, therefore, the search was improper and the cocaine found as a result of the search should be suppressed *(Matter of Marrhonda G.,* 81 NY2d 942). Concur—Wallach, J. P., Kupferman, Ross, Kassal and Nardelli, JJ., concur.