■ In the Matter of Bernice J., a Person Alleged to be a Juvenile Delinquent, Appellant. [670 NYS2d 207] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated December 20, 1996, which, upon a fact-finding order of the same court, dated November 26, 1996, made upon the appellant's admission, finding that she had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, adjudged her to be a juvenile delinquent and imposed a conditional discharge for a period of twelve months. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is reversed, on the law and the facts, without costs or disbursements, the fact-finding order is vacated, that branch of the appellant's omnibus motion which was to suppress physical evidence is granted, the petition is denied, and the proceeding is dismissed.

A police detective testified that after he and his partner had received a tip from an anonymous informant on the street, he

stopped the appellant and her companions, announcing his intention to search them for a concealed firearm. The detective's testimony that his search of the appellant was justified by her alleged attempt to flee and by his perception of a gun-shaped bulge in her tight shorts was contradicted by the remainder of the record, including other police testimony and documents, all of which indicated that the appellant had been consistently cooperative and had been wearing baggy blue jeans.

Where, as here, an officer's testimony at a suppression hearing betrays " 'all appearances of having been patently tailored to nullify constitutional objections,' " an appellate court is free to reject the motion court's finding that suppression is not warranted (*People v Lewis*, 195 AD2d 523, 524; *see, People v Miret-Gonzalez*, 159 AD2d 647, 649; *People v Lebron*, 184 AD2d 784; *People v Garafolo*, 44 AD2d 86, 88; *see also, People v Berrios*, 28 NY2d 361, 369). We reject the motion court's finding and conclude that the evidence obtained as a result of the police detective's unauthorized search must be suppressed (*see, e.g., People v Hollman*, 79 NY2d 181; *People v Francis*, 108 AD2d 322; *see also, People v Patterson*, 165 AD2d 673, 674; *Matter of Elvin M.*, 151 AD2d 674; *People v La Pene*, 40 NY2d 210, 226; *cf., People v Benjamin,* 51 NY2d 267). Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.