(January 13, 2000)

■ In the Matter of ANTHONY B., a Person Alleged to be a Juvenile Delinquent, Appellant. [701 NYS2d 376] —Order of disposition, Family Court, Bronx County (Stewart Weinstein, J.), entered on or about October 14, 1998, which adjudicated appellant a juvenile delinquent upon a finding that appellant had committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the third degree and unlawful possession of weapons by persons under sixteen, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously affirmed, without costs.

Appellant's suppression motion was properly denied. We see no reason to disturb the court's credibility determinations, which are supported by the record. The police acted lawfully in approaching appellant to inquire whether he had heard the screams heard by the officers, since he was in the area from which the screams emanated (*see*, *People v Hollman*, 79 NY2d

181). According due deference to the credibility determinations of the hearing court, we conclude that after appellant dropped his backpack on the ground at his feet, the arresting officer did not engage in any unlawful touching of the backpack. In the circumstances here presented, we find the officer's manner of handling the bag to be reasonable (*see, People v Batista*, 88 NY2d 650, 653). When the officer inadvertently felt a handgun in the backpack, probable cause existed for appellant's arrest. The officer acted reasonably in opening the backpack, which was within appellant's grabbable area, to secure the gun (*see, Matter of Marrhonda G.*, 81 NY2d 942, 945), while her partner acted to secure appellant (*see, People v Smith*, 59 NY2d 454, 458). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.