■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BENNETT, Appellant. [870 NYS2d 421]—

The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Jakins*, 277 AD2d 328 [2000]; *People v Gordon*, 242 AD2d 640 [1997]; *People v Rose*, 204 AD2d 745, 746 [1994]). Here, the record supports the hearing court's conclusion that the People established that the search leading to the recovery of the defendant's drugs was lawful, that the police had probable cause to arrest the defendant, and that the defendant's written statement to law enforcement officials was obtained after a knowing, intelligent, and voluntary waiver of his constitutional rights. That the testimony of the police witnesses regarding the voluntariness of the consent was contradicted by that of the defendant's witness, Moore, did no more than "create[ ] a question of credibility for the hearing court, whose findings should not be disturbed absent a showing that they are clearly erroneous" (*People v Washington*, 182 AD2d

791, 791 [1992]; *see People v Oates*, 104 AD2d 907, 910 [1984]). There is no such showing here, where the record supports the court's determination that the former girlfriend of the defendant, previously convicted for grand larceny, was not credible. Moreover, the proof permitted the hearing court to infer that the disparities between the time of arrest indicated on the search consent form and a log book entry at police headquarters were the result of an administrative error, and did not prove the police witnesses' testimony incredible (*see People v Ellerbe*, 265 AD2d 569, 570 [1999]; *People v Oates*, 104 AD2d at 910).

Viewing the evidence in the light most favorable to the prosecution, and drawing all reasonable inferences in the prosecution's favor (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.