■ In the Matter of KENNETH COOPER, Respondent, v DE-LANDA ROBERTSON, Appellant. [892 NYS2d 522]—

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Terrance D.*, 44 AD3d 656 [2007]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review the fact-finding order and the denial of that branch of the appellant's omnibus motion which was to suppress physical evidence is not academic (*id.*).

On March 9, 2006, the appellant was arrested and thereafter the presentment agency filed a petition against him pursuant to Family Court Act article 3. The presentment agency alleged that the appellant committed acts constituting, inter alia, criminal possession of a controlled substance in the seventh degree (*see* Penal Law § 220.03). Annexed to the petition was a supporting deposition from the arresting officer, Police Officer Jerry Bowens.

In his supporting deposition, Officer Bowens averred, among other things, that while on patrol, he "observed [the appellant] plac[ing] a canister-like object in his pocket." Officer Bowens added that, after he arrested the appellant and recovered the canister, he found crack cocaine inside the canister.

The appellant moved to suppress all physical evidence obtained as a result of the arrest on the ground that the evidence recovered was the product of an illegal search and arrest. At a pretrial *Mapp* hearing (*see Mapp v Ohio,* 367 US 643 [1961]) the hearing court denied the appellant's motion to suppress physical evidence, finding that Officer Bowens "was a credible witness with extensive drug transaction experience." The hearing court found that Officer Bowens "did not waiver [*sic*] in his testimony," was "very forthright," and that "the officer would know what to look for when approaching a group of people and would be able to recognize even the small plastic bag of drugs involved in this case." Thereafter, the appellant made an admission to criminal possession of a controlled substance in the seventh degree (*see* Penal Law § 220.03), and the Family Court issued a fact-finding order in accordance therewith. By order of disposition dated April 16, 2007, the Family Court adjudged the respondent a juvenile delinquent and placed him on probation for a period of 12 months. We find that the appellant's motion to suppress the physical evidence should have been granted because the presentment agency failed to establish that the police had probable cause to arrest him.

At a suppression hearing, the presentment agency bears the burden of establishing the legality of police conduct in the first instance (*cf. People v Hernandez,* 40 AD3d 777, 778 [2007]). "Implicit in this concept is that the testimony offered by the [presentment agency] in first presenting their case must be credible" (*People v Quinones,* 61 AD2d 765, 766 [1978], citing *People v Berrios,* 28 NY2d 361, 368 [1971]). Once the presentment agency establishes the legality of police conduct by credible evidence, the appellant bears the burden of establishing that the arrest was not based on probable cause or that the police conduct was otherwise illegal (*cf. People v Thomas,* 291 AD2d 462, 463 [2002]). A police officer has probable cause to make an arrest when that officer possesses information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being committed or was committed (*see People v Kennedy,* 282 AD2d 759 [2001]).

In reviewing a hearing court's factual determinations based largely upon an assessment of credibility, the determination of

the trier of fact is ordinarily accorded great weight (*cf. People v Bennett,* 57 AD3d 912, 912 [2008]; *People v Lopez,* 95 AD2d 241 [1983]). However, when the Appellate Division finds that the trier of fact incorrectly assessed the evidence, "the Appellate Division has the power to make new findings of fact" (*People v Lopez,* 95 AD2d at 253; *see* CPL 470.15). This fact-finding province is generally exercised in the context of an ample record made at a suppression hearing in which the issues were presented fully enough to allow review (*see People v Neely,* 219 AD2d 444, 447 [1996]). Further, an appellate court is free to reject a hearing court's finding that suppression is not warranted "[w]here . . . an officer's testimony at a suppression hearing betrays all appearances of having been patently tailored to nullify constitutional objections" (*Matter of Bernice J.,* 248 AD2d 538, 539 [1998] [internal quotation marks omitted]; *see People v Lebron,* 184 AD2d 784, 787 [1992]; *see also People v Lewis,* 195 AD2d 523 [1993]).

The evidence adduced at the hearing was contradictory and not credible with respect to the material facts necessary to establish probable cause (*see Matter of Bernice J.,* 248 AD2d 538 [1998]; *People v Lebron,* 184 AD2d 784 [1992]). For example, during the hearing, Officer Bowens gave testimony that was inconsistent with his supporting deposition. Officer Bowens testified that he arrested the appellant after observing him putting the red canister into his pocket, and that the drugs were recovered after the arrest. However, for the first time on cross-examination, Officer Bowens testified that he actually observed the drugs prior to the arrest and that he "saw [the appellant] place something into the canister." It is impossible for that portion of Officer Bowens' supporting deposition, taken under oath, and his hearing testimony, to both be true, and the presentment agency failed to put forth a satisfactory explanation for that contradiction. In addition, the record contains further indicia that suggest that Officer Bowens' statements were not credible. Thus, upon the exercise of our factual review power, we find that the presentment agency failed to meet its burden of establishing probable cause to support the arrest because Officer Bowens' testimony was not credible and "has all appearances of having been patently tailored to nullify constitutional objections" (*People v Garafolo,* 44 AD2d 86, 88 [1974]). Accordingly, the hearing court erred in denying that branch of the appellant's omnibus motion which was to suppress the physical evidence. Without the physical evidence, there is no basis to find that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree (*cf.* Penal

Law § 220.03). Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.