■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW O'HARE, Appellant. [900 NYS2d 400]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered December 21, 2007, convicting him of criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress physical evidence are granted, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was charged by indictment with operating a vehicle without a seat belt (*see* Vehicle and Traffic Law § 1229-c [3]) and two counts of criminal possession of a weapon in the third degree (*see* Penal Law former § 265.02 [4]).

At the suppression hearing, the People's witness, a police officer, testified that he stopped the car that the defendant was driving upon observing an air freshener hanging from the rearview mirror (*see* Vehicle and Traffic Law § 375 [30]). When the officer approached the defendant's vehicle, he noticed that the defendant was not wearing the lap portion of his seat belt. The officer then checked the defendant's Nevada driver's license, and discovered that the defendant's privilege to drive in New York had been suspended. The officer arrested the defendant and, upon searching the defendant's car, found two firearms which the defendant was not licensed to possess in New York.

In fact, the defendant's driving privileges had not been suspended. Further, the defendant's witness at the hearing, a forensic safety engineer, testified that the air freshener hanging from the defendant's rearview mirror was at dashboard level on a string measuring one-tenth of one inch wide, and would not have obstructed the defendant's view in violation of Vehicle and Traffic Law § 375 (30) (*see People v MacKenzie,* 61 AD3d 703 [2009]). After the County Court denied that branch of the defendant's motion which was to suppress the evidence seized from the vehicle, the defendant entered a plea of guilty to two counts of criminal possession of a weapon in the third degree, and was sentenced to two concurrent five-year periods of probation.

The defendant appeals, challenging, among other things, the hearing court's suppression ruling. We reverse.

A police officer may stop a car, inter alia, if the officer has a reasonable suspicion that a traffic infraction has been committed (*see People v Sluszka,* 15 AD3d 421, 423 [2005]). In reviewing a hearing court's factual determinations based largely upon as assessment of credibility, the determination of the trier of fact is ordinarily accorded great weight (*see Matter of Robert D.,* 69 AD3d 714, 716-717 [2010]; *cf. People v Bennett,* 57 AD3d 912, 912 [2008]; *People v Lopez,* 95 AD2d 241 [1983]). However, when the Appellate Division finds that the trier of fact incorrectly assessed the evidence, "the Appellate Division has the power to make new findings of fact" (*People v Lopez,* 95 AD2d at 253; *see Matter of Robert D.,* 69 AD3d at 717; CPL 470.15).

Here, our review of the testimony at the suppression hearing convinces us that the People did not establish that the officer had a reasonable suspicion that a traffic infraction had been committed (*cf. Matter of Robert D.,* 69 AD3d at 717; *People v Garafolo,* 44 AD2d 86, 88 [1974]).

Thus, the stop of the defendant's vehicle was unlawful, and, inasmuch as there was no other basis to stop the defendant's

vehicle, observe the apparent seat belt violation, run a license check, or search the vehicle for contraband, the evidence recovered as a result of the unlawful stop must be suppressed.

In light of our determination, the defendant's remaining contentions have been rendered academic. Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.