■ The People of the State of New York, Respondent, v Shirelle Meyers, Appellant. [914 NYS2d 315]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered May 11, 2009, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and false personation, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was indicted, inter alia, for criminal possession of a weapon in the second degree. After a suppression hearing, the County Court denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Subsequently, the defendant pleaded guilty to, among other

things, criminal possession of a weapon in the second degree. On appeal, the defendant contends that the inventory search of the vehicle in which he was riding prior to his arrest was unlawful.

In reviewing a hearing court's factual determinations based largely upon an assessment of credibility, the determination of the trier of fact is ordinarily accorded great weight (*see People v Bennett*, 57 AD3d 912 [2008]; *People v Lopez*, 95 AD2d 241 [1983]; *cf. Matter of Robert D.*, 69 AD3d 714, 716-717 [2010]). However, when the trier of fact has incorrectly assessed the evidence, the Appellate Division has the power to make new findings of fact (*see People v Rodriguez*, 77 AD3d 280, 285 [2010]; *People v O'Hare*, 73 AD3d 812 [2010]; *Matter of Robert D.*, 69 AD3d 714, 717 [2010]). Here, the County Court properly determined that the inventory search was conducted pursuant to a police procedure which was rationally designed to meet the objectives justifying such a search and which effectively limited the searching officer's discretion so as to assure that the police were not merely rummaging for incriminating evidence (*see People v Galak*, 80 NY2d 715 [1993]; *People v Tandle*, 71 AD3d 1176, 1178 [2010]; *People v Banton*, 28 AD3d 571, 572 [2006]; *People v Kearney*, 288 AD2d 398 [2001]). Accordingly, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.