■ In the Matter of TONAY C., a Person Alleged to be a Juvenile Delinquent, Appellant. [987 NYS2d 893]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Tonay C. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated September 6, 2013, which, upon a fact-finding order of the same court dated July 25, 2013, made upon his admission, finding

that he had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a firearm, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal from the order of disposition brings up for review the fact-finding order and the denial, after a hearing (McElrath, J.), of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

In reviewing a hearing court's factual determinations based largely upon an assessment of credibility, the determination of the trier of fact is ordinarily accorded great weight (*see Matter of Robert D.*, 69 AD3d 714, 716 [2010]; *cf. People v Bennett*, 57 AD3d 912, 912 [2008]; *People v Lopez*, 95 AD2d 241, 252 [1983]). However, when the Appellate Division finds that the trier of fact incorrectly assessed the evidence, "the Appellate Division has the power to make new findings of fact" (*People v Lopez*, 95 AD2d at 253; *see* CPL 470.15). Furthermore, an appellate court is free to reject a hearing court's finding that suppression is not warranted "[w]here . . . an officer's testimony at a suppression hearing betrays all appearances of having been patently tailored to nullify constitutional objections" (*Matter of Bernice J.*, 248 AD2d 538, 539 [1998] [internal quotation marks omitted]; *see Matter of Robert D.*, 69 AD3d 714 [2010]; *People v Lebron*, 184 AD2d 784, 787 [1992]).

Here, the Family Court properly denied that branch of the appellant's omnibus motion which was to suppress physical evidence. Contrary to the appellant's contention, the arresting officer's testimony at the suppression hearing that he observed the appellant smoking marijuana in public, from a distance of approximately two car lengths, was not incredible as a matter of law. Moreover, the hearing testimony does not support the appellant's contention that the officer's testimony was a fabrication tailored to nullify constitutional objections (*see People v Glenn*, 53 AD3d 622, 624-625 [2008]). Thus, crediting the officer's testimony, the police had probable cause to arrest the appellant for possession of marijuana in public (*see* Penal Law § 221.10 [1]).

The petitioner also met its burden of demonstrating that the warrantless search of the appellant's book bag, incident to the lawful arrest, was proper. "All warrantless searches presumptively are unreasonable per se," and, thus, "[w]here a warrant has not been obtained, it is the [petitioner who has] the burden of overcoming" this presumption of unreasonableness (*People v*

*Hodge,* 44 NY2d 553, 557 [1978]; *see People v Jimenez,* 22 NY3d 717 [2014]). The evidence adduced at the suppression hearing showed that, while the arresting officer was placing the appellant up against a wall in order to effectuate a lawful arrest, the officer felt the "slide" of a gun when he placed his hand on the book bag which was on the appellant's back. Under the circumstances presented here, the officer properly searched the bag, which was within the appellant's reach, and recovered a gun (*see People v Shackleford,* 57 AD3d 578 [2008]; *see also Matter of Anthony B.,* 268 AD2d 265 [2000]; *cf. Matter of Marrhonda G.,* 81 NY2d 942 [1993]; *People v Gokey,* 60 NY2d 309 [1983]). Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.