■ In the Matter of JASHAUN A., a Person Alleged to be a Juvenile Delinquent, Appellant. [996 NYS2d 357]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jashaun A. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated October 31, 2013, which, upon an order of fact-finding of the same court dated August 8, 2013, made upon his admission, finding that he committed an act which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the second degree, and after a dispositional hearing, adjudged him to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of 18 months. The appeal from the order of disposition brings up for review the order of fact-finding and the denial, after a hearing (Oshansky, J.), of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

In reviewing a hearing court's findings of fact, the credibility determinations of the trier of fact are ordinarily accorded great weight (*see Matter of Tonay C.*, 119 AD3d 560 [2014]; *Matter of Robert D.*, 69 AD3d 714, 716 [2010]). Although the Appellate Division has the power " 'to make new findings of fact' " (*Matter of Tonay C.*, 119 AD3d at 561, quoting *People v Lopez*, 95 AD2d 241, 253 [1983]; *see* CPL 470.15), we decline to do so here. Contrary to the appellant's contention, the testimony of police officers at the suppression hearing that the appellant was observed at approximately 8:05 p.m. on May 15, 2013, while it was still light outside, walking towards them on a public sidewalk holding a sweatshirt in such a way that the butt of a gun was partially visible, was not so implausible as to be unworthy of belief. Moreover, the hearing testimony does not support the appellant's contention that the officers' testimony was a fabrication that was patently tailored to nullify constitu-

tional objections (*see People v Brannon*, 16 NY3d 596, 602 [2011]; *Matter of Tonay C.*, 119 AD3d at 561; *People v Lewis*, 117 AD3d 751, 752 [2014]; *Matter of David R.*, 170 AD2d 453 [1991]; *see generally People v De Bour*, 40 NY2d 210, 223 [1976]). Thus, upon crediting the officers' testimony, the Family Court correctly concluded that the police had probable cause to arrest the appellant for committing an act which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03).

Accordingly, the Family Court properly denied that branch of the appellant's omnibus motion which was to suppress physical evidence. Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.