# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**65**

**TP 15-01072**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF DILLEN A. DEVEINES,
PETITIONER,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF MOTOR
VEHICLES APPEALS BOARD,
RESPONDENT.

---

LEONARD & CURLEY, PLLC, ROME (JOHN G. LEONARD OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Oneida County [Norman I.
Siegel, J.], entered October 30, 2014) to review a determination of
respondent. The determination affirmed the decision of the
Administrative Law Judge, dated July 17, 2013, revoking the license
and/or privilege of the petitioner to operate a motor vehicle.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination revoking his driver's license based
on his refusal to submit to a chemical test following his arrest for
driving while intoxicated. A police officer initially stopped
petitioner for a traffic violation, and ultimately took petitioner
into custody after petitioner exhibited signs and made statements that
indicated he was intoxicated. Petitioner refused to submit to a
chemical test and, based on that refusal, his driver's license was
temporarily suspended. A refusal revocation hearing was thereafter
held pursuant to Vehicle and Traffic Law § 1194 (2) (c). The
Administrative Law Judge revoked petitioner's license after
concluding, inter alia, that the officer had lawfully stopped
petitioner for violating Vehicle and Traffic Law § 375 (30) because
petitioner's view was obstructed by objects hanging from his rearview
mirror. In affirming the determination on petitioner's administrative
appeal, respondent concluded that, pursuant to *People v Ingle* (36 NY2d
413, 420), the stop was lawful, i.e., the officer possessed specific
and articulable facts which, taken together with the rational

inferences from those facts, reasonably warranted the stop.

We agree with petitioner that respondent reviewed the determination under an incorrect legal standard inasmuch as, "[s]ince *Ingle*, . . . the Court of Appeals has made it 'abundantly clear' . . . that 'police stops of automobiles in this State are legal only pursuant to routine, nonpretextual traffic checks to enforce traffic regulations or when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime' . . . [,] or where the police have 'probable cause to believe that the driver . . . has committed a traffic violation' " (*People v Washburn*, 309 AD2d 1270, 1271; *see People v Robinson*, 97 NY2d 341, 349). We nevertheless reject petitioner's contention that the record lacks substantial evidence to support the determination that the stop was lawful. Contrary to petitioner's contention, "[p]robable cause . . . 'does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a *reasonable belief* that an offense has been or is being committed' " (*People v Guthrie*, 25 NY3d 130, 133, *rearg denied* 25 NY3d 1191). Here, the record establishes that the officer had probable cause to believe that petitioner was violating Vehicle and Traffic Law § 375 (30) inasmuch as the officer testified that he observed objects measuring approximately four inches wide—later identified as air fresheners—hanging three or four inches below the rearview mirror, and that those objects may have obstructed petitioner's view through the windshield (*see People v Singleton*, ___ AD3d ___, ___ [Jan. 21, 2016]; *People v Bookman*, 131 AD3d 1258, 1260; *cf. People v O'Hare*, 73 AD3d 812, 813).

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court