■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.),

rendered November 13, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant was jointly tried with his codefendant John Walden, whose appeal is decided herewith *(see, People v Walden,* 181 AD2d 808).

We find unpersuasive the defendant's contention that his guilt was not established. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, the trial court erred in failing to submit to the jury the issue of whether Carol Tyler was an accomplice as a question of fact. Ms. Tyler accompanied the defendant, his codefendant, her son, and another accomplice to the home of the victim, knowing that they intended to harm if not kill him. She left her son and the other accomplice (who were both accomplices as a matter of law, having both pleaded guilty to manslaughter in the first degree for their involvement in the instant crime), in the lobby of the victim's apartment building, and followed the defendant and his codefendant upstairs, where they cornered the victim, and shoved him down the stairs. She watched as all four men beat him severely, and by her own admission told her son to "whip" the victim during the fight, and told him that this is what he gets for stealing from people. The victim had stolen money and drugs while in Carol Tyler's apartment, and he had also stolen from her son a few days before the murder. However, Ms. Tyler testified at the trial that she only went with the defendant and the others because her son was involved and she was concerned.

A witness may be an accomplice for purposes of the corroboration statute, if, according to the evidence presented, she may reasonably be considered to have participated in an offense based on the same or some of the same conduct which constituted the offense charged *(see,* CPL 60.22 [2] [b]). In this case, different inferences may reasonably be drawn from the evidence presented at the trial regarding Carol Tyler's complicity in the murder. Her role as an accomplice should have been submitted to the jury for consideration *(see, e.g., People v*

*Tucker,* 72 NY2d 849; *People v Vataj,* 69 NY2d 985; *People v Tusa,* 137 AD2d 151). Accordingly, a new trial is warranted.

In light of our determination we do not reach the defendant's remaining contentions. Thompson, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.