■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT COLLINS, Appellant. [633 NYS2d 48] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered November 23, 1992, convicting him of murder in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This appeal stems from the robbery/murder of a taxicab

driver perpetrated by the defendant and two codefendants. Prior to trial, the People requested permission to elicit certain details regarding the defendant's and codefendants' drug-selling activities and the Supreme Court granted the application. Contrary to the defendant's contention, the Supreme Court properly admitted this evidence because it was relevant to the motive for robbing the taxicab driver, was inextricably interwoven with the crimes charged, and served to complete the narrative of events attendant to the commission of the crimes (*see, People v McDowell*, 191 AD2d 515; *People v Davis*, 169 AD2d 774).

The issue of whether the Supreme Court erred in not instructing the jury that an eyewitness, Sidney Wilkens, was an accomplice as a matter of law is not preserved for appellate review (*see*, CPL 470.05 [2]). In any event, although Wilkens was present in the taxicab during the commission of the subject crime, the evidence is reasonably susceptible to the inference that he was not made aware of the plan to rob the taxicab driver (*see, People v Walden*, 181 AD2d 808; *People v Gjonaj*, 179 AD2d 773). As such, the Supreme Court properly submitted this issue to the jury as a question of fact.

The defendant's remaining contentions are either unpreserved for appellate review (*see*, CPL 470.05 [2]), or without merit (*see, People v Schwartzman*, 24 NY2d 241, 244, *cert denied* 396 US 846; *People v Suitte*, 90 AD2d 80). Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.