■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BREWER, Appellant. [655 NYS2d 975] —Appeal by the

defendant from an amended judgment of the Supreme Court, Queens County (Kohm, J., at admission; Griffin, J., at sentence), rendered February 24, 1995, revoking a sentence of probation previously imposed by the same court (Kohm, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the third degree.

Ordered that the amended judgment is affirmed.

It is well settled that " 'a court imposing an amended sentence upon adjudicating a defendant to be in violation of the terms of probation, may direct that the period of imprisonment run consecutively to any sentence of imprisonment imposed on [the] intervening crime which formed the basis for the probation violation' " (*People v La Grave*, 122 AD2d 294, 296; *People v Jackson*, 106 AD2d 93, 94). Accordingly, in imposing an amended sentence upon the defendant's violation of probation, it was within the sentencing court's discretion to direct that the sentence run consecutively to the term of imprisonment previously imposed upon the defendant in New York County (*see, People v Wilmot*, 208 AD2d 968; *People v Klein*, 126 AD2d 670).

Furthermore, there is no merit to the defendant's claim that the court violated his right to due process by adjourning the violation of probation proceeding to await disposition of the indictments pending against him in New York County (*see, People v Harris*, 145 AD2d 435; *People v Cherry*, 143 AD2d 1028; *cf., People v Jacks*, 235 AD2d 247).

Finally, the amended sentence was not unduly harsh or excessive (*see, People v Delgado*, 80 NY2d 780). Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.