■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN FINGER, Appellant. [699 NYS2d 119] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (J. Goldberg, J.), rendered May 5, 1997, convicting him of reckless endangerment in the first degree and resisting arrest, upon a jury verdict, and aggravated unlicensed operation of a motor vehicle in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant led the police on a car chase at an excessive speed through a residential area, driving the wrong way down one-way streets, going through stop signs and red lights, hitting another car and endangering the lives of several pedestrians, including a group of children.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes of reckless endangerment in the first degree and resisting arrest beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]; People v Walker, 258 AD2d 541; People v Cordero, 177 AD2d 499; People v Ruiz, 159 AD2d 656).

It was not error for the court to admit evidence of the defendant's arrest, two weeks before this incident, for driving with a suspended license. This prior arrest provided an explanation for the defendant's state of mind and a motive for the defendant to elude the police (see, People v Till, 87 NY2d 835; People v Callegari, 236 AD2d 551).

The issue of whether the court erred in failing to provide a limiting instruction contemporaneous with the admission of this evidence is unpreserved for appellate review. In any event, in light of the overwhelming proof of the defendant's guilt, any alleged error was harmless (see, People v Sanzo, 122 AD2d 817).

The defendant's remaining contention is without merit. Ritter, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.