■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY PIERRE-PAUL, Appellant. [734 NYS2d 854] —Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Flug, J.), rendered July 26, 2000, revoking a sentence of probation previously imposed by the same court upon a finding that the defendant had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of assault in the second degree.

Ordered that the amended judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not lose jurisdiction over the matter by reason of a delay in sentencing (see, People v Drake, 61 NY2d 359, 365; People ex rel. Harty v Fay, 10 NY2d 374; CPL 380.30 [1]). The defendant was primarily responsible for the sentencing delay and, therefore, is not allowed to benefit from it (see, People v Marshall, 228 AD2d 15, 17; People v Brown, 184 AD2d 647, 648). Additionally, the delay was not protracted and plausible reasons existed for it (see, Matter of Weinstein v Haft, 60 NY2d 625; People v Nieves, 206 AD2d 441; cf., People v Brewer, 237 AD2d 453, affd 91 NY2d 999; see, People v Hatzman, 218 AD2d 185).

The defendant failed to preserve for appellate review his contention that the Supreme Court erred in declining to obtain and consider an updated presentence report or its functional equivalent prior to the re-sentencing (see, People v Pitter, 272 AD2d 416; People v Cruz, 265 AD2d 488; People v Oyebanji, 246 AD2d 560; People v Figueroa, 227 AD2d 501).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Ritter, J. P., Florio, Feuerstein and Crane, JJ., concur.