■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SOTO, Appellant. [743 NYS2d 309] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered October 29, 1999, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Slavin, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence supporting his conviction is legally insufficient is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY TOMLIN, Appellant. [743 NYS2d 310] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 9, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the testimony adduced by the People established his involvement in the uncharged crime of selling marijuana. This testimony was properly admitted as it was highly probative of the defendant's motive for committing the murder (*see People v Porter,* 256 AD2d 363, 364; *People v Collins,* 220 AD2d 610, 611; *People v Moore,* 213 AD2d 496). Accordingly, the trial court properly denied the defendant's request for a mistrial or to strike the testimony. Santucci, J.P., Altman, Goldstein and Luciano, JJ., concur.