■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SEGUIN, Appellant. [761 NYS2d 646] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered March 1, 2000, convicting defendant, upon his plea of guilty, of bribery in the third degree, and sentencing him to a term of 1 to 3 years, and order, same court and Justice, entered on or about November 7, 2001, which denied defendant's motion to set aside his sentence pursuant to CPL 440.20, unanimously affirmed.

The 16-month delay in sentencing was not unreasonable under the circumstances of the case (*see People v Drake,* 61 NY2d 359 [1984]), and the court properly denied defendant's motion to set aside the sentence. At the time of his plea, the court promised defendant a lenient sentence but imposed a condition requiring defendant to "stay out of trouble" while awaiting sentencing, and warned him that he would receive an enhanced sentence upon violation of that condition. However, defendant was then arrested twice in Westchester County. Most of the sentencing delay was occasioned by the court's care in obtaining proper information about the Westchester cases, in order to determine an appropriate sentence for the instant conviction. In particular, the court properly exercised its discretion in delaying sentencing to await the disposition of the West-

chester cases, because a conviction of a violent felony would subject defendant to a mandatory consecutive sentence absent mitigating circumstances (*see* Penal Law § 70.25 [2-b]). Ultimately, defendant was convicted in Westchester of attempted robbery in the first degree, and the court imposed a consecutive sentence on the instant case within a reasonable time after the completion of proceedings in Westchester.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Buckley, P.J., Tom, Sullivan and Marlow, JJ.