■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY VEGA, Appellant. [805 NYS2d 642]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered March 6, 2002, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his accomplice, the codefendant Al Augugliaro, shot and killed Tommy Hill in Kissena Park in Queens. At the trial, several witnesses testified that the defendant and the codefendant were drug dealers and one witness testified that the defendant and the codefendant knew the victim and that he purchased drugs from them. Contrary to the defendant's contention, the testimony about his drug-related activities was admissible to establish his motive to commit the crimes charged and to complete the narrative of the events leading up to the murder (*see People v Porter,* 256 AD2d 363 [1998]; *People v Collins,* 220 AD2d 610 [1995]). Additionally, the evidence of the drug-related activities was admissible to provide the jury with a thorough understanding of the defendant's relationship with the prosecution witnesses, particularly why the defendant would speak freely to those witnesses about having committed the murder (*see People v Devino,* 254 AD2d 9 [1998]; *People v Williams,* 240 AD2d 213 [1997]; *People v Bernard,* 224 AD2d 192 [1996]).

Further, as there were no facts in the record supporting a prima facie case (*see People v Smocum,* 99 NY2d 418 [2003]; *People v Childress,* 81 NY2d 263 [1993]), the court properly rejected the defendant's *Batson* challenge (*see Batson v Kentucky,* 476 US 79 [1986]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.