■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD THOMAS, Appellant. [808 NYS2d 687]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered December 3, 2003, convicting defendant, after a jury trial, of criminal contempt in the first degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly exercised its discretion in admitting evidence of defendant's prior violation of an order of protection, which led to the issuance of the order of protection violated in the instant case. This evidence was probative of defendant's intent (*see e.g. People v Saunders*, 210 AD2d 164 [1994], *lv denied* 84 NY2d 1038 [1995]), and as background to explain defendant's volatile relationship with the victim and the genesis of the instant order of protection (*see e.g. People v Demchenko*, 259 AD2d 304 [1999], *lv denied* 93 NY2d 923 [1999]). The evidence was not unduly prejudicial, and the court's limiting instruction in its final jury charge minimized any prejudice.

Defendant's assertion that the court should have also given a limiting instruction at the time of the introduction of this evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that although the better practice would have been to deliver the limiting instruction when the evidence was introduced, as well as in the final charge (*see People v Williams*, 50 NY2d 996, 998 [1980]), failure to give such an instruction contemporaneously would not require reversal (*see People v Archibald*, 211 AD2d 451 [1995], *lv denied* 85 NY2d 935 [1995]). In any event, were we to find any error either in the receipt of this evidence or in the timing of the court's limiting instruction or both such respects, we would find it to be harmless in light of the overwhelming evidence of defendant's guilt. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.