■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED AUGUGLIARO, Appellant. [815 NYS2d 135]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered January 14, 2003, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, since he failed to advance his present arguments as a basis for dismissal in the trial court (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20 [1995]; *People v Udzinski*, 146 AD2d 245, 252 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant and his accomplice, the codefendant Henry Vega, shot and killed the victim in Kissena Park in Queens. At the trial, several witnesses testified that the defendant and the codefendant were drug dealers and one witness testified that the defendant and the codefendant knew the victim and that he purchased drugs from them. Contrary to the defendant's contention, the testimony about his drug-related activities was admissible to establish his motive to commit the crimes charged and to complete the narrative of the events leading up to the murder (*see People v Vega*, 23 AD3d 680 [2005]; *People v Porter*, 256 AD2d 363, 364 [1998]; *People v Collins*, 220 AD2d 610, 611 [1995]). Additionally, the evidence of the drug-related activities was admissible to provide the jury with a thorough understanding of the defendant's relationship with the prosecution witnesses (*see People v Devino*, 254 AD2d 9, 10 [1998]; *People v Williams*, 240 AD2d 213 [1997]; *People v Bernard*, 224 AD2d 192, 193 [1996]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.