■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORILEY GRAYSON, Appellant. [830 NYS2d 162]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ort, J.), rendered November 8, 2004, convicting him of murder in the second degree, burglary in the second degree, eavesdropping (two counts), and possession of eavesdropping devices (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain evidence and statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People established at the suppression hearing that the police had probable cause to arrest him (see generally People v Bigelow, 66 NY2d 417, 423 [1985]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

Contrary to the defendant's contention, the testimony about his prior bad acts was properly admitted as it tended to establish the defendant's motive to commit the crimes charged and to complete the narrative of the events leading up to the murder (see People v Vega, 23 AD3d 680, 681 [2005]; People v Porter, 256 AD2d 363, 364 [1998]; People v Collins, 220 AD2d 610, 611 [1995]).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are unpreserved for appellate review, except for his argument relating to the statement by the prosecutor that the defendant was "capable of anything" (see CPL 470.05 [2]; People v Tardbania, 72 NY2d 852, 853 [1988]; People v Nuccie, 57 NY2d 818, 819 [1982]). As to that single exception, the comment was within the bounds of permissible rhetorical comment and constituted fair comment on the evidence (see People v Justino, 26 AD3d 345 [2006]; People v Urena, 24 AD3d 693 [2005]). Crane, J.P., Ritter, Lunn and Covello, JJ., concur.