THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. COLES, Appellant. [842 NYS2d 654]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered June 28, 2004. The judgment convicted

defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). County Court properly allowed the People to present evidence of uncharged drug transactions to establish that defendant possessed the crack cocaine seized from his pocket with the intent to sell it (see People v Maddox, 272 AD2d 884, 884-885 [2000], lv denied 95 NY2d 867 [2000]). The court also properly allowed a police sergeant to testify as an expert that the quantity and packaging of the drugs seized from defendant were consistent with the sale of drugs (see People v Hicks, 2 NY3d 750, 751 [2004]), and that the amount of cash recovered from defendant was inconsistent with the amount of cash recovered from persons arrested by the sergeant for the possession of crack cocaine for their personal use (see generally id.). We reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to move for a trial order of dismissal (see People v Acevedo, 44 AD3d 168 [2007]). Finally, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.