THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FRIEL, Appellant. [862 NYS2d 105]—

Appeals by the defendant (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Honorof, J.), dated July 28, 2003, as denied that branch of his omnibus motion which was for a pretrial hearing to determine the admissibility of evidence of his refusal to take a breathalyzer test, and (2) a judgment of the same court rendered March 2, 2006, convicting him of assault in the second degree, driving while intoxicated as a felony, resisting arrest, failure to signal, failure to stop at a stop sign (two counts), and failure to obey a police officer, upon a jury verdict, and imposing sentence.

Ordered that the appeal from the order dated July 28, 2003, is dismissed, as no appeal lies therefrom (*see* CPL 450.10); and it is further,

Ordered that the judgment is affirmed.

The denial of that branch of the defendant's omnibus motion which was for a pretrial hearing to determine the admissibility of evidence of his refusal to take a breathalyzer test is brought up for review and has been considered on the appeal from the judgment.

The defendant contends that he was denied due process by the Supreme Court's failure to conduct a pretrial hearing to determine the admissibility of evidence that he refused to take a breathalyzer test. When the court was informed that the Department of Motor Vehicles had already conducted a so-called "refusal hearing," but had not yet issued a decision, it denied that branch of the defendant's omnibus motion which was for such a hearing with leave to renew after the administrative determination was made. However, the defendant never renewed that branch of his omnibus motion which was for a refusal hear-

ing, and he raised no objection at trial to the admission of testimony regarding his refusal to take a breathalyzer test. Thus, the defendant's claim that the court erred in failing to conduct a pretrial refusal hearing is unpreserved for appellate review (*see People v Peabody,* 206 AD2d 754, 755 [1994]). In any event, the failure to conduct a pretrial hearing to determine the admissibility of the refusal evidence did not deprive the defendant of due process (*see South Dakota v Neville,* 459 US 553, 566 [1983]), and a foundation for its admission at trial was established through testimony that the defendant was apprised of the consequences of his failure to submit to the breathalyzer test (*see* Vehicle and Traffic Law § 1194 [2] [f]; *People v O'Rama,* 78 NY2d 270, 281 [1991]; *People v Monahan,* 295 AD2d 626 [2002]; *cf. People v Boone,* 71 AD2d 859 [1979]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20 [1995]; *People v Bynum,* 70 NY2d 858, 859 [1987]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's claim that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is also unpreserved for appellate review (*see People v Carrieri,* 49 AD3d 660 [2008]; *People v German,* 45 AD3d 861, 862 [2007]; *People v Gillespie,* 36 AD3d 626 [2007]). In any event, the challenged comments were proper because they constituted either fair comment on the evidence or a fair response to the defense summation (*see People v Ashwal,* 39 NY2d 105 [1976]; *People v Carrieri,* 49 AD3d 660 [2008]; *People v German,* 45 AD3d 861, 862 [2007]; *People v Jackson,* 41 AD3d 498, 499-500 [2007]; *People v Jordan,* 11 AD3d 561 [2004]; *People v Arlequin,* 214 AD2d 747 [1995]). Furthermore, since the subject remarks were proper, there is no merit to the defendant's contention that defense counsel was ineffective because he failed to object to them (*see People v Rose,* 47 AD3d 848 [2008]; *People v DeLeon,* 35 AD3d 758 [2006]).

Finally, the defendant's argument that the indictment should have been dismissed based upon an unreasonable delay in sentencing is unpreserved for appellate review (*see* CPL 380.30; *People v Cecere,* 39 AD3d 557 [2007]; *People v Young,* 283 AD2d 597 [2001]) and, in any event, without merit because the delay was not the result of judicial or prosecutorial negligence (*see People v Borgwin,* 23 AD3d 491 [2005]; *People v Arroyo,* 22 AD23d 881 [2005]; *People v Seguin,* 306 AD2d 179 [2003]; *People v Williams,* 299 AD2d 568 [2002]; *People v Pierre-Paul,* 289 AD2d 262 [2001]). Lifson, J.P., Miller, Dillon and Eng, JJ., concur.