■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELKYN TABERAS, Appellant. [875 NYS2d 172]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered May 18, 2006, convicting him of criminal sale of a controlled substance in the third degree, reckless endangerment in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of reckless endangerment in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Finger*, 95 NY2d 894 [2000]; *People v Bynum*, 70 NY2d 858, 859 [1987]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the crime of reckless endangerment in the first degree beyond a reasonable doubt. The defendant led the police on a chase for about one mile over "slushy" and "icy" roads in the rain and snow, reaching speeds of 40 miles per hour, through a busy residential neighborhood with narrow roads. The defendant forced cars to pull over to avoid colliding with him, disregarded several traffic control devices, and stopped only when his vehicle skidded (*see People v MacLean*, 48 AD3d 1215 [2008]; *People v Wolz*, 300 AD2d 606 [2002]; *People v Kenney*, 288 AD2d 323 [2001]; *People v Walker*, 258 AD2d 541 [1999]; *People v Finger*, 266 AD2d 561 [1999]). Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that he was denied a fair trial by certain remarks made by the prosecutor during summation also is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Friel*, 53 AD3d 667 [2008]; *People v Carrieri*, 49 AD3d 660 [2008]; *People v German*, 45 AD3d 861, 862 [2007]). In any event, the challenged comments were either fair comment on the evidence or a fair response to the defense summation (*see People v Halm*, 81 NY2d 819 [1993]; *People v Ashwal*, 39 NY2d 105 [1976]).

The defendant's contention that trial counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel is without merit (*see People v Acevedo*, 44 AD3d 168 [2007]; *People v Coles*, 43 AD3d 1424 [2007]; *see also People v Friel*, 53 AD3d 667 [2008]; *People v Rose*, 47 AD3d 848 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.