■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN GREENLEE, Appellant. [897 NYS2d 132]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered October 18, 2007, convicting him of intimidating a victim or witness in the second degree (two counts), tampering with a witness in the second degree (two counts), and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with both intimidating a witness and tampering with a witness on two different occasions. Since he moved to dismiss only the charges pertaining to the second occasion on legal sufficiency grounds, and did not allege any evidentiary deficiency for charges pertaining to the first attack until his postverdict motion, his contention that the evidence was legally insufficient to prove the existence of an ongoing criminal investigation at the time of the first attack is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Padro*, 75 NY2d 820, 821 [1990]; *People v Hutchinson*, 57 AD3d 565 [2008]).

In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the admission of the complainant's unredacted medical records constituted reversible error is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Carmona*, 205 AD2d 443, 444 [1994]). In any event, the contention is without merit. The medical records included a section stating that the complainant's attackers were friends of her former boyfriend, who were attempting to prevent her from testifying against the former boyfriend in a domestic violence proceeding. This information was provided in the complainant's social work intake assessment and discharge planning form, and likely was relied on by the hospital personnel in developing a discharge plan to ensure the complainant's safety (*see Williams v Alexander*, 309 NY 283, 288 [1955]).

The defendant's contention that trial counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel is without merit (*see People v Taberas*, 60 AD3d 791, 793 [2009]; *People v Coles*, 43 AD3d 1424 [2007]; *People v Acevedo*, 44 AD3d 168, 173 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.