██ The People of the State of New York, Respondent, v Hamp Phillips, Appellant. [923 NYS2d 867]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered October 10, 2008, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (J. Goldberg, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the testimony given by a detective at the suppression hearing was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v James*, 19 AD3d 617, 618 [2005]; *see People v Glenn*, 53 AD3d 622 [2008]; *cf. People v Rutledge*, 21 AD3d 1125 [2005]; *People v Lebron*, 184 AD2d 784 [1992]; *People v Quinones*, 61 AD2d 765 [1978]). Moreover, although the Appellate Division has the power to make new findings of fact when it determines that the trier of fact has incorrectly assessed the evidence, we conclude that the hearing court did not incorrectly assess the detective's testimony in this case (*see People v Meyers*, 80 AD3d 715, 716 [2011]; *People v Bennett*, 57 AD3d 912, 912 [2008]; *cf. People v Rodriguez*, 77 AD3d 280, 285 [2010]; *People v O'Hare*, 73 AD3d 812, 813 [2010]; *Matter of Robert D.*, 69 AD3d 714, 716-717 [2010]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

Furthermore, contrary to the defendant's contention, the Supreme Court's *Molineux* ruling (*see People v Molineux*, 168 NY 264 [1901]) constituted a provident exercise of the court's discretion, since the evidence at issue was admissible for nonpropensity purposes and the risk of prejudice did not outweigh the probative value (*see People v Alvino*, 71 NY2d 233 [1987]; *People v Holden*, 82 AD3d 1007 [2011]; *People v Augugliaro*, 29 AD3d 600 [2006]).

The defendant's contention that the trial counsel's failure to preserve certain claims for appellate review constituted ineffec-

tive assistance of counsel is without merit (*see People v Greenlee*, 70 AD3d 966 [2010]; *People v Taberas*, 60 AD3d 791 [2009]; *People v Friel*, 53 AD3d 667 [2008]; *People v Rose*, 47 AD3d 848 [2008]).

The defendant's remaining contentions are unpreserved for appellate review. Covello, J.P., Chambers, Lott and Miller, JJ., concur.