THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY CARTER III, Appellant. [933 NYS2d 581]—

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484 [2008]) and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the People proved that he was not acting as the agent or mere extension of the buyer (*see People v Roche*, 45 NY2d 78, 82-83 [1978], *cert denied* 439 US 958 [1978]; *People v Matos*, 123 AD2d 330, 331 [1986]). The evidence adduced at trial established that the defendant displayed an independent interest in the sale and his behavior "purposefully affected or furthered the sale of the controlled substance" (*People v Martinez*, 289 AD2d 259, 259 [2001] [internal quotation marks omitted]; *see People v Roche*, 45 NY2d at 81; *People v Torres*, 150 AD2d 816, 816 [1989]).

The defendant's contention that the failure of trial counsel to preserve a certain contention for appellate review constituted ineffective assistance of counsel is without merit (*see People v Phillips*, 84 AD3d 1274, 1274-1275 [2011]; *People v Greenlee*, 70 AD3d 966, 967 [2010]; *People v Taberas*, 60 AD3d 791, 793 [2009]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.