THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN ROELOFSEN, Appellant. [936 NYS2d 677]—

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson,* 9 NY3d 342 [2007]; *People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that trial counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel is without merit (*see People v Phillips,* 84 AD3d 1274, 1274-1275 [2011]; *People v Friel,* 53 AD3d 667, 668 [2008]; *People v McKenzie,* 48 AD3d 594, 595 [2008]).

As the People correctly concede, the Supreme Court imposed illegal terms of postrelease supervision pursuant to Penal Law § 70.45 (2-a) on the convictions of course of sexual conduct against a child in the first degree and sexual abuse in the first degree, since those crimes were committed before the effective date of that subdivision. Thus, the terms of postrelease supervision must be vacated, and the matter remitted to the Supreme Court, Queens County, for the imposition of new terms of postrelease supervision on those convictions pursuant to Penal Law § 70.45 (2).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Lott, Roman and Cohen, JJ., concur.