■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NADIA PERAD, Appellant. [953 NYS2d 861]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered July 28, 2008, convicting her of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Roman, J.), after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from the defendant's apartment is granted, and a new trial is ordered.

For the reasons stated in *People v Harper* (100 AD3d 772 [2012] [decided herewith]), the subject branch of the defendant's motion should have been granted. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD PERKINS, Appellant. [953 NYS2d 874]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 8, 2009, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in permitting the People to elicit evidence of prior bad acts. The evidence was properly admitted as relevant background material and to establish the defendant's motive and intent in the commission of the charged crime (*see People v Dorm*, 12 NY3d 16 [2009]; *People v Alvino*, 71 NY2d 233, 242 [1987]; *People v Genyard*, 84 AD3d 1398, 1400 [2011]; *People v Patten*, 43 AD3d 964 [2007]; *People v Grayson*, 35 AD3d 881 [2006]; *People v Collins*, 220 AD2d 610, 611 [1995]; *People v Cedeno*, 175 AD2d 767, 769 [1991]). Eng, P.J., Dillon, Lott and Cohen, JJ., concur.