OPINION OF THE COURT
Mary V. Rosado, J.
Defendant is charged with reckless endangerment in the second degree (Penal Law § 120.20), criminal mischief in the *884 fourth degree (Penal Law § 145.00 [3]), reckless driving (Vehicle and Traffic Law § 1212) and unlicensed operation (Vehicle and Traffic Law § 509 [1]). By notice of motion, affirmation and memorandum of law dated March 22, 2016, defendant moves for dismissal of Penal Law §§ 120.20, 145.00 (3) and Vehicle and Traffic Law § 1212 for facial insufficiency and for other relief. By affirmation in opposition dated March 30, 2016, the People oppose dismissal.
Defendant’s motion to dismiss is granted as to reckless endangerment in the second degree, and denied as to criminal mischief in the fourth degree and reckless driving.
Factual Allegations
The information alleges, in pertinent part, that on or about March 2, 2016, at approximately 11:45 a.m., in front of 178 East 174th Street, the following occurred:
“Deponent states that, at the above time and place, he observed the defendant behind the handlebars of a red Honda motorcycle . . . which was moving on the above-described location, a public roadway. “Deponent further states that he observed defendant driving said Honda motorcycle at approximately fifty (50) miles per hour in a zone with an unposted speed limit of twenty-five miles (25) miles per hour while, multiple times, attempting to pop the front tire of said motorcycle off of the ground and drive only on the back tire. Deponent further states that he observed defendant weave between unidentified vehicles attempting to pass said vehicles and observed said vehicles have to slow down and stop because of defendant’s aforementioned conduct. Deponent further states he observed pedestrians who were walking in the street have to stop and stand between cars because of defendant’s aforementioned conduct.
“Deponent further states that defendant’s aforementioned conduct caused defendant to drive said Honda motorcycle into deponent’s driver side door causing damage to said door making it uncapable [sic] of being closed. Deponent further states he is the lawful custodian of said vehicle, and as such, he did not give defendant permission or authority to damage said vehicle. Deponent further states said damage exceeds two-hundred and fifty ($250) dollars.
*885 “Deponent further states that defendant was unable to provide a valid license for operating a motorcycle.”
Facial Sufficiency
To be facially sufficient, an accusatory instrument “must designate the offense or offenses charged” (CPL 100.15 [2]) and “must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges” (CPL 100.15 [3]). More specifically, an information must provide “reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information” and must contain “non-hearsay allegations . . . [that] establish, if true, every element of the offense charged and the defendant’s commission thereof” (CPL 100.40 [1]; see People v Henderson, 92 NY2d 677, 679 [1999]).
The Court of Appeals has stated that CPL 100.40 (1) places “the burden on the People to make out their prima facie case for the offense charged in the text of the information” (People v Jones, 9 NY3d 259, 261 [2007]). It should be noted that the prima facie case requirement is not the same as the burden required at trial of proof beyond a reasonable doubt, “nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at [the] trial” (People v Kalin, 12 NY3d 225, 230 [2009]). Rather, what is required is that the factual allegations in the information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense” (id. at 230 [internal quotation marks and citations omitted]). Ultimately, the information “should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
Reckless Endangerment in the Second Degree
Penal Law § 120.20 provides that “[a] person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.” One acts recklessly
“with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof *886 constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation” (Penal Law § 15.05 [3]).
A defendant’s conduct must actually create a substantial risk of serious physical injury (Matter of Kysean D.S., 285 AD2d 994 [4th Dept 2001]). Serious physical injury is “physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ” (Penal Law § 10.00 [10]).
As set forth in the accusatory instrument, the factual allegations fail to allege that defendant created a substantial risk of serious physical injury.
The People argue that “reckless endangerment has been held to be sufficient where defendant forced cars to pull over to avoid colliding with him, disregarded traffic control devices, and stopped only when his vehicle skidded” (affirmation in opposition at 6). However, examination of their cited cases in support reveals that other aggravating circumstances were critical to the finding of reckless endangerment.[1] In People v Taberas (60 AD3d 791 [2d Dept 2009]), the defendant was actively fleeing from police. Travelling over 40 miles per hour on icy roads, during rain and snow, the defendant evaded the police for approximately one mile. He disobeyed multiple traffic signals, causing other vehicles to pull over. In People v MacLean (48 AD3d 1215 [4th Dept 2008]), the defendant, while intoxicated, drove down the middle of a road at 75 to 95 miles per hour. Driving conditions were poor in that the road was slippery with wet leaves. He disobeyed traffic signals and forced three vehicles to veer off the road. In People v Wolz (300 AD2d 606 [2d Dept 2002]), the defendant drove at a high rate of speed, weaving in and around other vehicles, on the shoulder of the road. He lost control of his vehicle and crossed over the median into an oncoming lane of traffic. In People v Kenney (288 AD2d 323 [2d Dept 2001]), the defendant took the police on a nine-minute car chase. He disregarded stop signs and stoplights and drove in the wrong lane of traffic. In People v Walker (258 AD2d 541 [2d Dept 1999]), the defendant drove a *887 stolen car up to 80 to 100 miles per hour, into oncoming traffic. He disobeyed a stop sign and several red lights. In People v Finger (266 AD2d 561 [2d Dept 1999]), the defendant was also involved in a police car chase. The defendant drove through a residential area and committed the following driving violations: speeding, driving the wrong way on one-way streets and disobeying stop signs and red lights.
In the instant matter, the People point to allegations that defendant operated an unregistered motorcycle[2] at a high rate of speed, attempted to perform a wheelie and weaved between other vehicles. It is further alleged that vehicles had to slow or stop and that pedestrians, crossing the road, had to stop between vehicles due to defendant’s conduct.
The creation of a substantial risk of serious physical injury is determined by the manner in which a vehicle is operated and the conditions under which that vehicle is operated. The absence of vehicle registration or an operator’s license does not contribute to any risk of injury.
The significance of defendant’s attempt to raise the front wheel of the motorcycle off the road and drive on the rear wheel is unclear. By alleging an attempt to lift a wheel off the road, the information concedes that defendant’s front tire did not actually leave the road.
Speeding by itself does not create a substantial risk of serious physical injury. However, in conjunction with other factors (i.e., evading police, driving the wrong way, disobeying stop signs and red lights and inclement weather), speeding may be enough to establish a substantial risk of serious physical injury.
Finally, the circumstances in which the other vehicles and pedestrians slowed down or stopped are relevant to the current analysis. Drivers, cyclists and pedestrians are all expected to share the road. Slowing down or stopping because of another driver is expected, to some extent, at almost every instance of travel on a public roadway. Since Penal Law § 120.20 requires a substantial risk of serious physical injury, simply stating that other vehicles had to slow down and stop or that pedestrians could not cross the road is not enough to show the requisite risk. Otherwise, any inconvenience may give rise to a charge of reckless endangerment in the second degree.
*888 Therefore, the factual allegations, individually and collectively, do not establish that defendant’s conduct created a substantial risk of serious physical injury.
The accusatory instrument is facially insufficient as to reckless endangerment in the second degree.
Reckless Driving
Reckless driving is defined as “driving or using any motor vehicle, motorcycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway” (Vehicle and Traffic Law § 1212).
Unlike reckless endangerment in the second degree, reckless driving merely requires that defendant unreasonably interfered with the free and proper usage of a public highway or unreasonably endangered users of the public highway. Thus, the same factual allegations that are insufficient to support reckless endangerment may be enough to support the charge of reckless driving. Defendant’s previously mentioned conduct allows a reasonable inference that, at the least, his conduct reasonably interfered with the free and proper usage of a public highway or unreasonably endangered others on the public highway.
The accusatory instrument is facially sufficient as to reckless driving.
Criminal Mischief in the Fourth Degree
Penal Law § 145.00 (3) states that “[a] person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she . . . [r]ecklessly damages property of another person in an amount exceeding two hundred fifty dollars.”
Defendant is alleged to have driven a motorcycle into the door of deponent’s vehicle. Due to the collision, the impacted door no longer was able to close. Deponent did not authorize defendant to damage the vehicle. Deponent claimed that the cost of the damage exceeded $250.
Furthermore, there are sufficient facts from which a reasonable person could infer that defendant acted recklessly. Taken together, defendant’s conduct of weaving around other vehicles *889 at 50 miles an hour allows a reasonable inference that he was aware of and ignored a substantial and unjustifiable risk of damaging deponent’s vehicle.
The accusatory instrument is facially sufficient as to criminal mischief in the fourth degree.
Suppression of Statements
Defendant’s request for a Huntley /Dunaway hearing is granted.
Prior Convictions and Bad Acts
Defendant’s request for a Sandoval /Ventimiglia hearing is referred to the trial judge.
Additional Pretrial Motions
Defendant’s application for extension of time to file additional motions or to renew is denied subject to CPL 255.20 (3) for further leave upon good cause shown.
Defendant’s motion to dismiss is granted as to reckless endangerment in the second degree, and denied as to criminal mischief in the fourth degree and reckless driving.

. The People’s cases involved prosecution of reckless endangerment in the first degree. Reckless endangerment in the first degree requires a different level of risk (grave risk of death to another person) and an extra element (circumstances evincing a depraved indifference to human life) (see Penal Law § 120.25).

. In their opposition papers, the People argue that defendant was driving an unregistered vehicle (affirmation in opposition at 7). The accusatory instrument does not have any factual allegation that the motorcycle was not registered.