People v Baez (2024 NY Slip Op 01818)

People v Baez

2024 NY Slip Op 01818

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-00595
 (Ind. No. 1025/18)

[*1]The People of the State of New York, respondent,
v
Marco Baez, appellant.

Patricia Pazner, New York, NY (Leila Hull of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Tess Mariel O'Leary of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered December 18, 2019, convicting him of assault in the first degree, aggravated criminal contempt, criminal contempt in the first degree, criminal contempt in the second degree (five counts), criminal mischief in the fourth degree (two counts), and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court properly admitted into evidence unredacted medical records that made references to previous instances of domestic violence between the defendant and the complainant (see People v Ortega, 15 NY3d 610, 617-618; People v Greenlee, 70 AD3d 966, 967; see also Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 947-948). The statements in the hospital record as to the complainant's history of being subjected to domestic violence were properly admitted pursuant to the business records exception to the hearsay rule because they were relevant to the diagnosis and treatment of the complainant's injuries and were relied upon by hospital personnel in developing a plan to ensure her safety (see People v Ortega, 15 NY3d at 617-618; People v Greenlee, 70 AD3d at 967; see also Matter of Christopher D.B. [Lorraine H.], 157 AD3d at 947-948).
The defendant's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court